**Charles FISHER, et al.,**
**Plaintiffs–Appellees,**

v.

**Richard KOEHLER, et al.,**
**Defendants–Appellants.**

**No. 1037, Docket 89–7860.**

United States Court of Appeals,
Second Circuit.

Argued April 6, 1990.

Decided April 16, 1990.

Fred Kolikoff, New York City, Asst. Corp. Counsel of the City of New York (Victor A. Kovner, Corp. Counsel of the City of New York, Leonard J. Koerner, Fay Leoussis, William J. Thom, Asst. Corp. Counsel, of counsel), for defendants-appellants.

John Boston, New York City, The Legal Aid Society, Prisoners' Rights Project (Phil-

 

ip L. Weinstein, Claudette R. Spencer, Dale A. Wilker, of counsel), for plaintiffs-appellees.

Before KAUFMAN, FEINBERG and WALKER, Circuit Judges.

PER CURIAM.

Defendants Richard Koehler, et al. appeal from a July 14, 1989 judgment against them in the United States District Court for the Southern District of New York, Morris E. Lasker, J., in an action brought by plaintiffs-appellees Charles Fisher, et al., a class of inmates at the Correctional Institute for Men (CIFM) in New York City. After a long trial on the separate issue of violence at CIFM and its causes, the district court found in an extensive opinion, reported at 692 F.Supp. 1519, that "violence at CIFM, both inmate-inmate and staff-inmate, has reached proportions that violate the Eighth Amendment." Id. at 1521. In a subsequent opinion, reported at 718 F.Supp. 1111, the district court fashioned an injunctive remedy whose terms were incorporated into the judgment.

▆ Appellants raise two arguments on appeal. First, they assert that the conditions at CIFM do not violate the Eighth Amendment. Second, they claim that, in fashioning its remedy, the district court failed to follow the guidelines we set out in *Dean v. Coughlin*, 804 F.2d 207 (2d Cir. 1986).

We reject both arguments, which, in the face of Judge Lasker's careful and thorough opinions, border on the frivolous. As to the first, we affirm the district court's ruling that conditions at CIFM violate the Eighth Amendment substantially for the reasons set forth in the district court's opinion on liability. With regard to the second, we hold that the district court's remedy completely satisfies *Dean*. The district court took great pains to fashion an appropriate judgment; it consulted fully and at length with the parties, reviewed appellants' remedial plan thoroughly and accepted most of it with such modifications as were necessary to ensure constitutional compliance.

The judgment of the district court is affirmed.